IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GOCHA KAPANADZE, | : |
| *Petitioner,* | : |
| v. | : CIVIL NO. 26-0260 |
| MICHAEL ROSE *et al.*, | : |
| *Respondents.* | : |

**Scott, J.**                                                                                      January 28, 2026

## MEMORANDUM

Petitioner Gocha Kapanadze filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release, or alternatively, a bond hearing. ECF No. 1 [hereinafter Pet.]. Mr. Kapanadze alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA") and his Due Process rights. Pet. ¶¶ 48-58.

Mr. Kapanadze is a noncitizen from Turkey. Pet. ¶ 17. He entered the United States on March 1, 2024. *Id*. ¶ 2. Customs and Border Patrol apprehended him in California and released him on March 4, 2021. *Id*. ¶ 3. He then applied for asylum. *Id*. During Mr. Kapanadze's "ICE check-in" on January 13, 2026, ICE detained him. *Id*. ¶ 4. ICE placed him in the Philadelphia Federal Detention Center. *Id*. ¶ 40.

Mr. Kapanadze is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The central issue of this case is

summarized in the Government's brief: "The petition concerns whether an alien who is present in the United States without admission is properly subject to mandatory detention (*i.e.*, detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)." ECF No. 3 at 1 [hereinafter Government's Resp.].

For the reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Mr. Kapanadze's detention violates the INA.[1]  2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *see also Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *see also Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Mr. Kapanadze's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA.  Moreover, ICE is enjoined from detaining Mr. Kapanadze under 8 U.S.C. § 1226(a) for seven days following his release.  Mr. Kapanadze also requests attorneys' fees and costs under the Equal Access to Justice Act.  28 U.S.C. § 2412.  The Government has not briefed this issue in its response.  The Court will set out a separate briefing schedule on this issue.

---

[1] In addition, the Government argues that this Court lacks jurisdiction to address Mr. Kapanadze's claims. Government's Resp. at 6-10.  The Court again adopts the reasoning in *Kashranov* and *Demirel* to reject the Government's jurisdiction argument.